DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY<br>OF NORTH AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>CLUB ST. CROIX HOMEOWNERS<br>ASSOCIATION, INC. and<br>CERTAIN UNDERWRITERS AT<br>LLOYD'S, LONDON IN THEIR INDIVIDUAL<br>CAPACITIES AND AS AGENTS FOR<br>UNDISCLOSED PRINCIPALS,<br><br>        Defendants. | Civil Action No. 2016-0054 |

**Attorneys:**
**Andrew C. Simpson, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Ryan C. Stutzman, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

    THIS MATTER comes before the Court on the Motion to Dismiss filed by Defendants Club St. Croix Homeowners Association, Inc. ("Club STX") and Certain Underwriters at Lloyd's, London ("Underwriters") (collectively, "Defendants") (Dkt. No. 18); Plaintiff Indemnity Insurance Company of North America's ("Plaintiff")[1] Opposition thereto ("Opposition") (Dkt. No. 20); and Defendants' Reply (Dkt. No. 21). In their Motion to Dismiss, Defendants request that the Court dismiss this action

---

[1] The Court notes that ACE Insurance Company is Plaintiff's parent company and its name appears on certain documents, such as the first reservation of rights letter. (Dkt. Nos. 18 at 2 n.1, 18-3, 20 at 8).

pursuant to Federal Rule of Civil Procedure 12(b)(6) based on Plaintiff's failure to state a claim upon which relief can be granted. For the reasons that follow, the Court will grant in part and deny in part Defendants' Motion to Dismiss.

## I.   BACKGROUND

A brief description of the filing history in this case is necessary to place the issues in context. On August 3, 2016, Plaintiff filed its original Complaint seeking a declaratory judgment that an insurance policy ("Insurance Policy") it issued did not cover injuries and damages sought by Sandra Colderbank ("Colderbank"). (Dkt. No. 1 at 1). This was in reference to a complaint Colderbank filed against Club STX in the Superior Court of the Virgin Islands, alleging that "she suffered 'permanent disability, medical expenses, lost wages, and impaired earning capacity' as a result of an alleged trip and fall" at Club STX. *Id*. at 2.[2] In response, Club STX claimed that Plaintiff had to defend and indemnify it from Colderbank's claim. *Id*. Because Plaintiff denied having such a duty, it brought the instant case pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. *Id*.

Plaintiff issued two reservation of rights letters to Defendants. The first, dated November 10, 2015, stated that Plaintiff reserved "all rights to demand reimbursement for any amount paid by [Plaintiff] that is subsequently determined to be not covered under the policy." (Dkt No 18-2). Plaintiff further "expressly reserve[d]" rights and defenses "in law and in equity . . . ." *Id*. The second reservation of rights letter, dated June 10, 2016, stated that it was an "updated reservation of rights letter," and advised that any action that Plaintiff took was not a waiver of any right or defense available to it pursuant to the Insurance Policy. (Dkt. No. 18-3).

On April 4, 2017, Plaintiff filed its First Amended Complaint ("Amended Complaint") (Dkt. No. 17), because the underlying Superior Court case had settled. (Dkt. No. 12 at 2). Plaintiff brings

---

[2] The Superior Court action is *Sandra Colderbank v. Club St. Croix Beach and Tennis Resort and Breezez Bar and Restaurant*, SX-15-CV-140. (Dkt. No. 1 at 3).

2

three counts. First, Plaintiff alleges that it is entitled to the defense costs and the $150,000 indemnification payment it made to secure Club STX's release from liability. (Dkt. No. 17 ¶¶ 55-57). Second, Plaintiff claims that it is the assignee of the rights of Breezez and is therefore entitled to recover the share of the settlement that is equivalent to Club STX's pro rata share of liability. *Id*. ¶¶ 58-62. Third, Plaintiff asserts that because Club STX was insured under a policy issued by Underwriters, if the Court finds that Plaintiff is in fact liable for the Colderbank claim, then Underwriters is liable for half of the defense and indemnity payments. *Id*. ¶¶ 63-65.

In its Amended Complaint, Plaintiff states that in the Superior Court action, Colderbank alleged that on March 10, 2014, she tripped and fell on a "defective sidewalk" located near Club STX's restaurant, Breezez Bar and Restaurant ("Breezez"). *Id*. ¶ 19. Colderbank further alleged that Club STX had a duty to maintain the "defective sidewalk" and failed to perform that duty, which resulted in her injuries. *Id*. ¶ 20. In turn, Club STX claimed that Plaintiff had a duty to defend and indemnify it pursuant to the Insurance Policy. *Id*. ¶ 26. Plaintiff had issued the Insurance Policy to Robert Lane, d/b/a Breezez ("Lane"), to provide "certain insurance coverage" for the period of June 23, 2013 to June 24, 2014. *Id*. ¶ 21. Lane was Club STX's tenant and, pursuant to the indemnification provisions in his lease with Club STX, he named Club STX as an "additional insured" on the Insurance Policy. *Id*. ¶¶ 22-24.

Pursuant to Breezez's lease with Club STX, Breezez was required to indemnify Club STX in certain situations. Specifically, Subsection 8(c) of the lease provides:

> The Tenant shall indemnify and save the Landlord harmless from and against any and all suits, claims, insurance deductibles, and/or demands of any kind or nature, by and on behalf of any person, firm, association, or corporation, arising out of or based upon any incident, occurrence, injury or damage which shall or may happen on or about the demised Premises or any areas of egress and ingress immediately adjacent to the demised Premises from the Common Area, and from and against any matter, thing, occupation, or use of the demised Premises or the Leased Property which was done or caused to be done by the Tenant, its agents, servants, employees, licensees, and/or invitees.

(Dkt. No. 1-3). Similarly, the Insurance Policy states that it covers Club STX for "damages arising out of the premises or operations" owned or rented by Breezez. (Dkt. No.1-2 at 27). Subsection 20(j) of the lease also details certain circumstances in which Breezez is required to indemnify Club STX, providing:

> Tenant agrees to indemnify and hold Landlord harmless of any liability or causes of action associated with or as a result of Tenant's uses of the Demised Premises, and to indemnify Landlord from any liens or encumbrances against the Landlord based on the Tenant's failure to pay taxes when due or pursuant to the requirements of the U.S.V.I. Tenant also warrants to Landlord that Tenant will comply with all provisions of U.S.V.I. (Liquor and License fees) in the Tenant's use of the Premises.

(Dkt. No. 1-3).

It is Plaintiff's position that neither the indemnification provisions in the lease nor the Insurance Policy apply, claiming that Colderbank's allegations did not arise out of Breezez's premises or operations or occur in connection with Breezez's use of the premises. (Dkt. No. 17 ¶¶ 42-50, 53). Plaintiff claims that the only connection Breezez had to Colderbank's injury is that Colderbank was on her way to the restaurant. *Id*. ¶ 53. Plaintiff maintains that discovery in the Colderbank case did not establish any facts that would have brought a jury to conclude that the accident occurred in connection with Breezez's use of the premises. *Id*. Plaintiff also asserts that Subsection 20(j) of the lease calls for indemnification only when the tenant's improper use of the property has resulted in taxes, fines, or penalties, not for personal injury claims. *Id*. ¶ 51.

In response to Plaintiff's Amended Complaint, Defendants Club STX and Underwriters filed the instant Motion to Dismiss, wherein they argue that this action should be dismissed for failure to state a claim upon which relief can be granted, which Plaintiff opposes. (Dkt. Nos. 18, 20).

## II.   APPLICABLE LEGAL PRINCIPLES

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal based on "failure to state a claim upon which relief can be granted." The Third Circuit, through *Connelly v.*

4

*Lane Const. Corp.*, follows the analysis established by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* when dismissing under Rule 12(b)(6):

> Under the pleading regime established by *Twombly* and *Iqbal,* a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675, 129 S. Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S. Ct. 1937. *See also Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679, 129 S. Ct. 1937.

*Connelly*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (footnote omitted).

Accepting all well-pleaded factual allegations as true, courts must "construe the complaint in the light most favorable to the plaintiff . . . ." *Advanced Rehab., LLC v. United Health Group, Inc.*, 498 Fed. App'x. 173, 176 (3d Cir. 2012) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)) (quotations omitted). "A district court may grant the motion to dismiss only if . . . it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *Acosta v. Hovensa, LLC*, 53 V.I. 762, 771 (D.V.I. 2010) (citing *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotations and brackets omitted)). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McTernan v. City of York*, 577 F.3d 521, 531 (3d Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1950). While the Court must determine whether the facts as pleaded state a plausible claim for relief, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged

5

is improbable and that a recovery is very remote and unlikely." *Fowler,* 578 F.3d at 213 (quoting *Twombly*, 550 U.S. at 556).

At the Rule 12(b)(6) stage, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). However, in addition to the complaint and any exhibits attached thereto, courts may also consider "an undisputedly authentic document . . . if the plaintiff's claims are based on the document," such as an insurance policy. *See Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Am. Corporate Soc'y v. Valley Forge Ins. Co.*, 424 F. App'x 86, 88-89 (3d Cir. 2011).

### III.   DISCUSSION

Defendants argue that no matter how liberally the Court construes the facts of this case, Plaintiff has failed to state a plausible claim for relief as a matter of law. (Dkt. No. 21 at 8). Defendants maintain that Plaintiff has no right to reimbursement because that right is not stated in the Insurance Policy. (Dkt. No. 18 at 14). According to Defendants, because Plaintiff derived a benefit from the settlement, it may not seek reimbursement now. *Id*. Further, Defendants claim that Plaintiff cannot recover because the indemnification clause in the lease prevails over the "other insurance" clause in the Insurance Policy. *Id*. at 14-15.

#### A.   Count I—Reimbursement for Defense and Indemnification

Count I of Plaintiff's Amended Complaint asserts that Colderbank did not allege a claim that entitled Club STX to a defense and indemnification under the Insurance Policy. (Dkt. No. 17 at 10). Thus, Plaintiff argues that it is entitled to recover from Club STX the costs it paid to provide a defense and indemnification in the Colderbank case. *Id*.

In their Motion to Dismiss, Defendants contend that Plaintiff's claims should be dismissed because the Insurance Policy does not include a right to reimbursement of the costs of defending against Colderbank's claims and making a settlement payment. (Dkt. No. 18 at 7-8). Defendants maintain that an insurer cannot employ a reservation of rights letter to reserve a right that it does not have pursuant to the contract. *Id*. at 1, 5. Defendants further claim that the second reservation of rights letter superseded the first, and said nothing about Plaintiff seeking reimbursement of defense or indemnification costs. *Id*. at 3. Defendants also assert that unjust enrichment is not a proper basis for reimbursement because "both parties benefitted from Plaintiff's decision to defend Club STX and pay the settlement." *Id*. at 7.

Plaintiff argues that its right to reimbursement is not contingent on the Insurance Policy. (Dkt. No. 20 at 10). Plaintiff further claims that the second reservation of rights letter did not supersede the first, but simply spelled out "in greater detail the reasons why there is no coverage to [Club STX] under the policy." *Id*. at 9. Lastly, Plaintiff asserts that it is entitled to reimbursement pursuant to unjust enrichment. *Id*. at 11.

### 1. Reimbursement of Defense and Indemnification Costs Under the Insurance Policy

While a party may reserve its rights, it must assert defenses and exclusions that are already set forth in the insurance policy at issue. *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 606 Pa. 584, 614 (Pa. 2010). A declaration that there is no duty to defend does not automatically entitle an insurer to recover any defense costs it has expended under a reservation of rights. *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1220 (3d Cir. 1989). Pursuant to 22 V.I.C. § 819, "[n]o agreement in conflict with, modifying, or extending any contract of insurance shall be valid unless in writing and made a part of the policy." Thus, where an insurer notifies an insured that it would defend it in an underlying litigation under a reservation of rights, such reservation is ineffective in recouping defense costs under 22 V.I.C. § 819 if it is not authorized in the insurance policy. *General Star Indem.*

7

*Co. v. V.I. Port Auth.*, 564 F. Supp. 2d 473 (D.V.I. 2008). Defendants also assert that Plaintiff has no right to reimbursement of settlement costs where there is no such right in the Insurance Policy as a matter of law. (Dkt. No. 18 at 5-7). While all of the cases on which Defendants rely address reimbursement of defense—not indemnification—costs, the Court sees no basis for making a distinction between the two, and Plaintiff has mounted no attack on Defendants' position in this regard.

Here, the Insurance Policy contains no language about the right to reimbursement of either defense or indemnification costs. In its reservation of rights letters, Plaintiff exercised its right to defend and indemnify Club STX in the Colderbank litigation. Plaintiff now asserts that it is entitled to be reimbursed for costs it incurred in its defense of Club STX and for payment of the settlement. However, Plaintiff could not, through the reservation of rights letters, reserve any right to reimbursement of those costs because no such right exists in the Insurance Policy. Pursuant to 22 V.I.C. § 819, the Insurance Policy could only be modified by a written agreement, which does not exist here. Accordingly, Plaintiff has failed to state a claim for reimbursement of defense and indemnification costs from Club STX under the Insurance Policy.

>    **2.      Reimbursement of Defense and Indemnification Costs Under an Unjust Enrichment Theory**
>
>           **i.      Reimbursement of Defense Costs**

Plaintiff also does not have a right, as a matter of law, to reimbursement of defense costs based on unjust enrichment. In *General Star*, the District Court of the Virgin Islands relied heavily on *Terra Nova Ins. Co. Ltd.*, wherein the Third Circuit concluded that an insured is not unjustly enriched when an insurer agrees to defend against uncovered claims under a reservation of rights. In making this conclusion, the Third Circuit explained:

> Faced with uncertainty as to its duty to indemnify, an insurer offers a defense under reservation of rights to avoid the risks that an inept or lackadaisical defense of the underlying action may expose it to if it turns out there is a duty to indemnify. At the

8

same time, the insurer wishes to preserve its right to contest the duty to indemnify if the defense is unsuccessful. Thus, such an offer is made at least as much for the insurer's own benefit as for the insured's. If the insurer could recover defense costs, the insured would be required to pay for the insurer's action in protecting itself against the estoppel to deny coverage that would be implied if it undertook the defense without reservation.

*Gen. Star Indem. Co. v. Virgin Islands Port Auth.*, 564 F. Supp. 2d 473, 478 (D.V.I. 2008) (quoting *Terra Nova,* 887 F.2d at 1219-20) (internal quotations omitted).

Accordingly, the argument that Plaintiff did not have a duty to defend Club STX does not entitle Plaintiff to recover any defense costs it has expended in defense of Club STX. As the Court in *General Star* noted, Plaintiff's offer to defend was made at least as much for Plaintiff's own benefit as for Club STX's benefit. *Id*. If Plaintiff could recover defense costs, Defendants would be paying for the actions that Plaintiff took in order to protect itself. *See Beckwith Mach. Co. v. Travelers Indem. Co.*, 638 F.Supp. 1179, 1188-89 (W.D. Pa. 1986), *appeal dismissed*, 815 F.2d 286 (3d Cir. 1987). Thus, the Court finds as a matter of law that Plaintiff has failed to state a claim under Count I for reimbursement of defense costs from Club STX on an unjust enrichment theory.

### ii. Reimbursement of Indemnification Costs

"The duty to indemnify appears to stand on a somewhat different footing than the duty to defend. If [the insurer] defends with a reservation of rights, it suffers no prejudice with respect to its disclaimer of the duty to indemnify." *Terra Nova Ins. Co. Ltd.,* 887 F.2d at 1227. Consistent therewith, in *Essex Insurance Co. v. RMJC, Inc.*, 306 F. App'x 749 (3d Cir. 2009), a panel of the Third Circuit upheld an indemnification claim based on unjust enrichment. The panel found that allowing the insurer to recover indemnity costs from the insured would not upset the incentive structure that exists between insurers and their insured in part because the insured was on notice that the insurer disputed its obligation to indemnify. *Id*. at 756. Similarly here, Plaintiff alleges that Club STX was on notice that Plaintiff disputed its obligation to indemnify it under a full reservation of rights. (Dkt. No. 17 ¶¶ 11, 27).

9

A cause of action for unjust enrichment will ordinarily occur when a defendant "receive[s] something of value to which he is not entitled and which he should restore" to the plaintiff. *Maso v. Morales*, 57 V.I. 627, 635 n.9 (V.I. 2012). Pursuant to Virgin Islands case law, the elements of unjust enrichment are that: (1) the defendant was enriched; (2) such enrichment was at the plaintiff's expense; (3) the defendant had appreciation or knowledge of the benefit; and (4) the circumstances were such that to avoid inequity or in good conscience the defendant should return the money or property to the plaintiff. *Gallivan v. Gov't Employees Ret. Sys.*, 2019 WL 1953666, at *14 (V.I. Super. Apr. 26, 2019) (citing *Walters v. Walters*, 60 V.I. 768, 779-80 (V.I. 2014)) (quotations omitted).

Plaintiff has presented enough well-pleaded factual allegations, accepted as true, to state a plausible unjust enrichment indemnification claim against Club STX.[3] First, Plaintiff states that Defendant Club STX was enriched by Plaintiff because Plaintiff made the $150,000 indemnity payment on its behalf. (Dkt. No. 17 ¶¶ 12, 57). Second, Plaintiff states that this enrichment was at its expense, as Plaintiff was the one who made the $150,000 indemnity payment despite not having a duty to do so. *Id.* ¶¶ 35-50. Third, Plaintiff states that Club STX appreciated and had knowledge of this benefit because in its tender letter, Club STX "demanded" that Plaintiff defend and indemnify it against Colderbank's claims. *Id.* ¶ 26. Finally, Plaintiff states that the circumstances are such that— in equity and good conscious—Club STX should return the money Plaintiff paid to indemnify it. *Id.* ¶¶ 35-50. Specifically, Plaintiff asserts that it did not have a duty to indemnify Club STX because the

---

[3] The Court notes that in its Opposition, Plaintiff attempts to extend its unjust enrichment claim to Underwriters as well. (Dkt. No. 20 at 12-13). However, in its Amended Complaint Plaintiff asserts Count I only against Club STX. (Dkt. Nos. 17 ¶¶ 55-57, 20 at 2). "It is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss . . . ." *Pennsylvania ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quotations and citation omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1424-25 (3d Cir. 1997) (stating that a "district court [ruling on a motion to dismiss is] not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based.") (citing *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3rd Cir. 1985); *In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 368 n.9 (3rd Cir. 1993)). Therefore, the Court will not consider an unjust enrichment claim against Underwriters.

accident did not occur "on or about the demised Premises or any areas of egress and ingress immediately adjacent to" the demised premises. *Id*. ¶¶ 35, 41. In her complaint, Colderbank asserted that she fell on the sidewalk next to Breezez, which Plaintiff argues does not fall under the definition of "demised premises." *Id*. ¶¶ 43-50. Plaintiff also notes that while the lease requires indemnity where Breezez's improper use of the property has resulted in fines, penalties, or taxes, this requirement does not apply to the damages that arose from Colderbank's accident. *Id*. ¶ 51. Further, Plaintiff maintains that neither the allegations in Colderbank's Complaint nor the discovery in the Superior Court case provide any facts suggesting that Colderbank's claims were "associated with or as a result of" Breezez's use of the demised premises. *Id*. ¶¶ 52, 53. Thus, Plaintiff has alleged sufficient facts to state a plausible claim for relief for reimbursement of indemnification costs based on unjust enrichment.

In sum, construing the Amended Complaint in the light most favorable to Plaintiff, Defendants have not met their burden of showing that Plaintiff has failed to state a claim in Count I with regard to reimbursement of indemnification payments under an unjust enrichment theory. However, Defendants have met their burden of showing that Plaintiff has failed to state a claim with regard to reimbursement of defense costs, and to the extent that Plaintiff seeks reimbursement for indemnification costs under the Insurance Policy. Accordingly, the Court will grant in part and deny in part the Motion to Dismiss as it pertains to Count I.

    **B.    Count II—Plaintiff as Assignee of the Rights of Breezez**

Count II of Plaintiff's Amended Complaint asserts that as an alleged tortfeasor that settled, Breezez—and therefore Plaintiff as the real party in interest—is entitled to recover the full $150,000 settlement payment it made to Colderbank to discharge Club STX. (Dkt. No. 17 ¶¶ 58-61). In the event that it is found that Club STX was not fully responsible for Colderbank's injuries, Plaintiff

11

claims that it is entitled to recover the share of the settlement that is the equivalent of Club STX's pro rata share of liability. *Id*. ¶ 62.

As Plaintiff points out, Defendants did not address Count II in their Motion to Dismiss. (Dkt. No. 20 at 2). However, Defendants make clear in their Reply that they oppose all claims in Plaintiff's Amended Complaint—including Count II. (Dkt. No. 21 at 6). In making this clarification, Defendants argue that Breezez has no assignable "rights to recover" in contribution because its actions in settling the case were those of an indemnitor, not a co-tortfeasor, and such claims made by an indemnitor are ineffective as a matter of law. *Id*. at 7.

Defendants have failed to show that Breezez has no assignable "rights to recover" as a matter of law. As a preliminary matter, a moving party may not raise new arguments in a reply brief that it should have raised in its initial motion. *See International Raw Materials, Ltd. v. Stauffer Chem. Co.*, 978 F.2d 1318, 1327 n.11 (3d Cir. 1992); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 204-05 n. 29 (3d Cir. 1990); *see also D'Alessandro v. Bugler Tobacco Co.*, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007) ("The reason for not considering new bases for relief raised for the first time in a reply brief is self-evident: No sur-reply is permitted, so the opponent has no opportunity to address the new defense."). Thus, the Court does not have to consider the arguments that Defendants have set forth in regard to Count II because Defendants failed to present these arguments in their Motion to Dismiss.

In any event, Plaintiff has alleged that the indemnification provision does not apply so as to preclude finding as a matter of law that the indemnification provision prevents any right to recover based on a contribution claim. (Dkt. No. 17 ¶¶ 35-53, 63). Indeed, Plaintiff is arguing that Club STX and Breezez were the alleged tortfeasors who are potentially liable for Colderbank's injuries, and it is the assignee of Breezez's rights. *Id*. ¶¶ 58-60. Thus, Plaintiff is not arguing that it is entitled to contribution as an indemnitor, but as the assignee of the rights of an alleged co-tortfeasor.

12

Plaintiff and Defendants correctly agree that the contribution claim asserted herein is governed by the Restatement (Third) of Torts. (Dkt. Nos. 20 at 3, 21 at 7); *see also Willie v. Amerada Hess Corp.*, 2017 WL 772808, at *22 (V.I. Super. Feb. 28, 2017) ("[T]he right to claim or demand contribution from persons or companies who have played a role in causing someone else's injury is sound for the Virgin Islands.").[4] The Restatement (Third) of Torts provides:

> (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another by settlement or discharge of judgment, the person discharging the liability is entitled to recover contribution from the other, unless the other previously had a valid settlement and release from the plaintiff.
> (b) A person entitled to recover contribution may recover no more than the amount paid to the plaintiff in excess of the person's comparative share of responsibility.

Restatement (Third) of Torts: Apportionment Liability § 23 (2000). The Court finds that Plaintiff has presented enough well-pleaded factual allegations to address each element of a contribution claim as set forth in the Restatement.

Plaintiff asserts that Breezez and Club STX were both potentially liable for Colderbank's injuries, and, because Plaintiff discharged the liability by settlement, it is entitled—as the assignee of Breezez's rights—to recover the amount it paid in excess of Breezez's share of responsibility. (Dkt. No. 17 ¶¶ 45-61). The facts in support of this assertion set forth in the Amended Complaint include that Breezez secured the discharge of all of Club STX's liability by virtue of the settlement funded by Plaintiff. *Id.* ¶ 59. Plaintiff asserts that Club STX was liable for a portion of Colderbank's injuries because the accident took place on property controlled, maintained, and owned by Club STX. *Id.* ¶¶ 45-49, 9, 19-20, 61. As a settling tortfeasor, Plaintiff argues that Breezez—and therefore Plaintiff as the assignee of Breezez's rights—is entitled to contribution from Club STX that is proportionate to

---

[4] For purposes of this case, in which the liability to Colderbank was discharged by Plaintiff, the Superior Court has adopted the Restatement. *Willie*, 2017 WL 772808, at *22. However, the court in *Willie* expanded the applicability of the Restatement provision to include certain situations in which the liability has yet to be discharged. *Id*.

its share of liability for Colderbank's injuries. *Id.* ¶ 58. Thus, accepting all well-pleaded factual allegations as true, Defendants have not shown that Plaintiff has failed to state a plausible claim in Count II.[5]

Accordingly, the Court will deny Defendants' Motion to Dismiss Count II of Plaintiff's Amended Complaint.

    **C.**    **Count III—Liability of Underwriters as Co-Insurers of Club STX**

Count III of Plaintiff's Amended Complaint alleges that in the event that it is determined that the Insurance Policy indeed covered Club STX, both the Insurance Policy and the Underwriters' insurance policy should be deemed primary and responsible for contributing equally to Club STX's defense costs and indemnification. (Dkt. No. 17 ¶ 64). In so arguing, Plaintiff states that Underwriters' insurance policy includes a Commercial General Liability Coverage Form "that is identical in all material aspects" to the one in Plaintiff's Insurance Policy. *Id.* ¶ 64. It is therefore Plaintiff's position that Underwriters is liable for half of the defense and indemnity payments made by Plaintiff. *Id.* ¶ 65.

Defendants maintain that Plaintiff is estopped from asserting the "other insurance" clause because it failed to assert its rights in a timely matter. (Dkt. No. 18 at 9). Defendants further claim that Plaintiff's "other insurance" clause in the Insurance Policy is in conflict with the indemnification provisions in the lease. *Id.*

In response, Plaintiff claims that waiver and estoppel doctrines do not apply because Plaintiff and Underwriters are co-insurers. (Dkt. No. 20 at 5-6). Plaintiff asserts that estoppel and waiver claims

---

[5] Defendants also reiterate their argument that Plaintiff does not have a right to reimbursement because no such right existed in the Insurance Policy, and that "[p]ermitting a contribution claim in these circumstances would elevate form over substance." (Dkt. No. 21 at 6). As discussed above, the Court has found that Plaintiff has no right to seek reimbursement from Club STX under the Insurance Policy for the costs of defending the Colderbank litigation or for paying the settlement. However, Plaintiff is not seeking reimbursement from Club STX in Count II. By contrast, Plaintiff is claiming that it is entitled to contribution payments, as an assignee of Breezez's rights, to the extent that Club STX and Breezez were co-tortfeasors.

are only available to parties to an insurance contract or their privies. *Id*. at 7. Lastly, Plaintiff maintains that Defendants' argument that the indemnification clause conflicts with the "other insurance" fails at the motion to dismiss stage. *Id*. at 7-8.

The Court finds that Defendants have not met their burden of showing that Plaintiff has failed to state a claim based on waiver and estoppel theories. While Defendants assert that Plaintiff is estopped from asserting the "other insurance" clause argument because it failed to assert its rights in a "timely manner," Plaintiff has pleaded that it defended Club STX under a full reservation of rights. (Dkt. No. 17 ¶ 11).

Moreover, the cases upon which Defendants rely are inapt. The court in *Insurance Co. of North America v. Travelers Ins. Co.*, 692 N.E.2d 1028 (Ohio App. 1997) considered a situation in which an insurance company relied on the fact that the insured undertook a defense without a reservation of rights. *Id*. at 1031. Here, Plaintiff has pleaded that it defended Cub STX under a reservation of rights. (Dkt. No. 17 ¶ 11). Further, the court in *Transamerica Ins. Group v. Chubb & Son, Inc.*, 554 P.2d 1080 (Wash. App. 1976), the other case to which Defendants cite, denied a summary judgment motion and found that factual issues relating to the terms of the insurance policies and the insurance companies' relationships with each other required resolution by the factfinder. *Id*. at 1084. Therefore, Defendants have not shown that Plaintiff has failed to state a plausible claim for relief based on the doctrines of waiver and estoppel.

Defendants also argue that the indemnification clause in the lease conflicts with the "other insurance" clause in the Insurance Policy. (Dkt. No. 18 at 10). However, as discussed above, Plaintiff has set forth a factual basis as to why the indemnity clause is inapplicable. (Dkt. No. 17 ¶¶ 35-53,

63). Thus, the conflict argument does not present a basis for concluding that Plaintiff has failed to state a claim in Count III.[6]

Accordingly, the Court will deny Defendants' Motion to Dismiss Count III of Plaintiff's Amended Complaint.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant in part and deny in part Defendants' Motion to Dismiss. Specifically, the Court will: (1) grant Defendants' Motion to Dismiss Count I to the extent that Plaintiff seeks reimbursement for defense costs, and to the extent that it seeks reimbursement for indemnification costs under the Insurance Policy; (2) deny Defendants' Motion to Dismiss Count I to the extent that Plaintiff seeks reimbursement for indemnification costs under an unjust enrichment theory; and (3) deny Defendants' Motion to Dismiss Counts II and III of the Amended Complaint.

An appropriate Order accompanies this Memorandum Opinion.

Date: April 16, 2021

_____/s/_____
WILMA A. LEWIS
Chief Judge

---

[6] In their Motion, Defendants conducted a *Banks* analysis because there is no binding Virgin Islands precedent resolving the issue of a conflict between an "other insurance" clause in an insurance policy and an indemnification provision in a lease. (Dkt. No. 18 at 10-14). Defendants assert that the most sound rule for the Virgin Islands is for indemnity provisions to prevail over "other insurance" clauses of an insurance contract. *Id*. at 14. However, the Court finds that it need not consider the merits of Defendants' *Banks* analysis at this stage of the proceedings because Plaintiff has presented enough well-pleaded factual allegations that the indemnification provisions do not apply.